[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 27, 2011
JOHN LEY
CLERK

No. 11-11339
Non-Argument Calendar
_____

D.C. Docket No. 3:10-cv-00360-MMH-JRK

DAVID W. FRAME,

                                                Plaintiff-Appellant,

    versus

UNITED STATES OF AMERICA,

                                                Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(October 27, 2011)

Before PRYOR, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

David Frame appeals pro se the dismissal of his complaint against the

United States based on res judicata. Frame complained that his discharge from the

United States Navy violated his civil rights. Another district court dismissed Frame's earlier complaint about his discharge against the Secretary of Defense, Secretary of the Navy, and Master Chief Petty Officer of the Navy for failure to state a claim for which relief may be granted. We affirm.

Under the doctrine of res judicata, a final judgment on the merits bars the parties to an earlier action from relitigating a claim that was or could have been raised in that action. In re Piper Aircraft Corp., 244 F.3d 1289, 1296 (11th Cir. 2001). A party who invokes the defense of res judicata must satisfy four elements: (1) the earlier decision must have been rendered by a court of competent jurisdiction; (2) there must have been a final judgment on the merits; (3) both cases must involve the same parties or their privies; and (4) both cases must involve the same cause of action. Id.

The district court did not err. Frame previously filed a complaint about his discharge against officers of the United States, and his earlier complaint was dismissed on the merits by another district court. The district court correctly ruled that Frame's complaint was barred by res judicata.

**AFFIRMED.**